IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-367 |
| ) | |
| TIMOTHY D. HALL ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is Defendant Timothy D. Hall's Amended Motion for Early Termination of Supervised Release, which is opposed by the Government. (Docket Nos. 125, 128). After careful consideration of the parties' positions, Defendant's Motion will be denied.

### I.   BACKGROUND

On September 12, 2006, Defendant pled guilty to Count One of the Indictment in this case charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docket Nos. 1, 75). The Honorable Terrence McVerry sentenced Defendant on December 15, 2006, to a term of 180 months' imprisonment followed by a 5-year term of supervised release. (Docket No. 91).

After Defendant served his federal sentence of imprisonment, he was released to a state parole detainer on August 27, 2019. (Docket No. 128 at 4). After serving his state parole violation sentence, Defendant began his 5-year term of federal supervised release on June 21, 2021. (*Id.*; *see also* Docket No. 125, ¶ 3). Defendant's case was reassigned to this member of the Court on April 13, 2022, when the Probation Office filed a Request for Modifying the Conditions of

Supervision to permit Defendant to travel outside of this District for employment purposes. (*See* Docket Nos. 121, 122).

On December 11, 2024, Defendant filed the pending Motion in which he advocates that early termination of supervised release is warranted because he has been compliant with the conditions of his supervision, he has maintained steady employment, including in his current position as a CDL licensed truck driver, and he would like to advance his career by obtaining his HAZMAT credentials through the Pennsylvania Department of Transportation. (Docket No. 125, ¶¶ 5, 7, 10, 18). However, Defendant supposedly has been informed that his status as a supervised releasee will preclude him from obtaining HAZMAT credentials. (*Id.*, ¶ 12).

On January 2, 2025, the Government filed a Response opposing Defendant's Motion for early termination of supervised release. (*See* Docket No. 128). In summary, the Government maintains that supervision still is necessary to ensure that Defendant does not "slip back into his multiple decades of significant criminality." (*Id.* at 2).

II.     **DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

2

warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that § 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the applicable § 3553(a) factors. *Id.* at 52. The court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted). After considering the applicable § 3553(a) factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted).

Importantly, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d

3

Cir. 2012)).  As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted).  Nonetheless, it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.*  To reiterate, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (citation omitted).

In view of the standard laid out in *Melvin*, this Court initially considers the pertinent § 3553(a) factors as instructed in § 3583(e)(1) to determine whether early termination of Defendant's supervision is warranted by his conduct and in the interest of justice based on his current circumstances as set forth in his Amended Motion.

The Court first observes that the nature and circumstances of the offense of conviction – unlawful firearm possession by a convicted felon – is an extremely serious offense, and Defendant's conduct relative to that offense underscores this point.  In summary, when police attempted to conduct a traffic stop of the vehicle Defendant was driving, he sped away instead of stopping.  (PIR, ¶¶ 9, 10).  When Defendant was apprehended, police recovered from his waistband a .40 caliber semiautomatic handgun containing 11 rounds of ammunition.  (*Id.*, ¶ 11).  The seriousness of Defendant's offense conduct is reflected by the significant sentence of imprisonment Judge McVerry imposed upon him.

Next, Defendant's history and characteristics do not support early termination of supervision.  Notably, Defendant's extensive criminal history began at age 19 and consists of convictions for arson, drug trafficking (three times), disorderly conduct (five times), drug possession, resisting arrest, fleeing from the police, reckless endangerment, and driving with a

4

suspended or revoked license, as well as numerous violations of his state parole. (*See* PIR, ¶¶ 30-40). Although Defendant was sentenced to periods of incarceration on multiple occasions for his prior criminal conduct, he was not deterred from unlawfully possessing a firearm, which resulted in his federal conviction. With that said, Defendant is now 50 years old, he has been gainfully employed while on supervision, and he desires to obtain HAZMAT credentials. While Defendant claims that his supervision status impedes him from doing so, he provides no further detail or evidentiary support for that assertion. Defendant's Motion otherwise contains no information concerning his history and characteristics, such as any rehabilitative efforts he has undertaken since his release to supervision, which persuades this Court that supervision should now be terminated. Although the Court applauds Defendant's general compliance with the conditions of his supervision and the progress he has made, his extensive criminal history involving violence and drug trafficking and the serious nature of the firearm offense involved in this case weigh against the early termination of his supervised release.

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant, *see* 18 U.S.C. § 3553(a)(2)(B)-(C), weigh against early termination.[2] As discussed, prior sentences of incarceration did not deter Defendant from committing the federal firearm offense involved in this case. While Defendant's performance on supervised release to date shows he has made progress, his compliance "may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised

---

[2] Based on the present record, the Court does not find that consideration of the need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D), is relevant or applicable.

individual and community." *United States v. Miles*, Crim. No. 13-252, 2020 WL 4904019, at *3 (W.D. Pa. Aug. 20, 2020). As such, Defendant's own history demonstrates that continued supervision is necessary to ensure that he remains on a productive, law-abiding path and avoids engaging in any illicit conduct. Continued supervision also will serve to protect the public from any further criminal activity by Defendant.

Next, the Court does not believe that consideration of the kinds of sentence and sentencing range established for Defendant's crimes, any pertinent policy statements issued by the United States Sentencing Commission,[3] and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§ 3553(a)(4), (a)(5) and (a)(6), weigh in favor of early termination. Defendant was sentenced to the mandatory minimum term of 180 months' imprisonment required by statute, which was below the guideline range of 188 to 235 months' imprisonment based on his status as an armed career criminal, and the 5-year term of supervised release was the maximum period permitted by statute and under the guidelines. (*See* PIR, ¶¶ 26, 73, 74, 76, 77). In this Court's estimation, the 5-year term of supervised release imposed by Judge McVerry remains appropriate, and there is no evidence that this factor warrants early termination of supervised release. Likewise, "[t]here is no evidence that [Defendant's] term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Welling*, Crim. No. 20-167, 2021 WL 409834, at *4 (W.D. Pa.

---

[3] As to this factor, the Court notes that Application Note 5 to U.S.S.G. § 5D1.2, which addresses early termination and extension of supervised release, recognizes that a court has authority to terminate or extend a term of supervised release and encourages the court to exercise this authority in appropriate cases. For reasons discussed herein, the Court does not find that this is an appropriate case in which to exercise its authority to terminate Defendant's supervised release early.

Feb. 5, 2021). Finally, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is not applicable in this case.

Having considered the § 3553(a) factors, the Court concludes that early termination of supervised release is not warranted by Defendant's conduct and it is not in the interest of justice. *See Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Although Defendant's conduct to date is commendable, it bears emphasizing that "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *Welling*, 2021 WL 409834, at *4 (emphasis in original) (citations omitted). Overall, considering the foregoing § 3553(a) analysis, especially the serious nature of Defendant's firearm offense, his criminal history and prior recidivist behavior, the need to deter criminal conduct, and the need to protect the public, the interest of justice is best served by Defendant completing his term of supervised release.

Finally, in analyzing whether early termination of supervision is warranted, the Court is cognizant that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. While Defendant's desire to advance his career is understandable, he does not contend that the conditions of his supervised release are somehow impeding his reentry into his community or merely inflicting punishment on him. Overall, the Court concludes that the 5-year term of supervised release is not greater than necessary to achieve the § 3553(a) sentencing goals and it is not contrary to the interest of justice.

### III. CONCLUSION

Although Defendant need not show a new or unforeseen circumstance, his compliance with the conditions of supervision is expected and required and does not persuade the Court to grant

early termination of supervised release. After considering the specified factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Defendant's term of supervised release is not warranted by his conduct and it is not in the interest of justice. Accordingly, the Court will deny Defendant's Amended Motion for early termination of his supervision.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 27th day of January, 2025, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Amended Motion for Early Termination of Supervised Release, (Docket No. 125), is DENIED.

<i>s/ W. Scott Hardy</i><br>
W. Scott Hardy<br>
United States District Judge

cc/ecf: All counsel of record

United States Probation Office